**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Pension Benefit Guaranty Corporation,** | ) | **CASE NO. 1:12 CV 2661** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Uforma/Shelby Business** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon Motion of Defendants Uforma/Shelby Business

Forms, Inc., Samuel L. Peters, Miami Systems Corporation, Bertek Systems, Inc., Specialty

Envelope, Inc., Trust of Samuel L. Peters, Samuel L. Peters, LLC, Peters Ohio, LLC to

Dismiss the Complaint for Lack of Venue or, in the Alternative, Transfer Venue Pursuant to

28 U.S.C. § 1404(a) (Doc. 5).  This is an ERISA case brought by plaintiff to recover statutory

liabilities and enforce statutory liens allegedly due arising out of the termination of two

pension plans.  For the following reasons, the motion is granted to the extent that this case is

hereby transferred to the United States District Court for the Southern District of Ohio.

1

**Facts**

Plaintiff Pension Benefit Guaranty Corporation (plaintiff or PBGC) brought this Complaint against defendants Uforma/Shelby Business Forms, Inc. (Uforma); Samuel L. Peters; Miami Systems Corporation; Autron, Inc.; Bertek Systems, Inc.; Specialty Envelope, Inc.; Trust of Samuel L. Peters; 2840 Sprouse Drive; 10001 Alliance Road; 2322 Clifton Avenue; Samuel L. Peters, LLC; Peters Ohio LLC; and Unknown Controlled Group Members of Uforma/Shelby Business Forms, Inc.

Generally, the Complaint alleges the following and plaintiff points to further facts as supported by exhibits attached to its brief. PBGC is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the pension plan termination insurance program established by Title IV of ERISA. As the insurer of pension plans covered by Title IV of ERISA, plaintiff generally becomes trustee of a pension plan when a pension plan terminates without sufficient assets to pay benefits and, subject to certain statutory limitations, pays the plan's unfunded benefits from PBGC's insurance funds. Under applicable ERISA provisions, a contributing sponsor of a pension plan, on the plan termination date, and members of the contributing sponsor's "controlled group" incur joint and several liability to PBGC for the total amount of the plan's unfunded benefit liabilities, unpaid pension insurance premiums, and termination premiums, plus accrued interest. If any of those liable to PBGC neglect or refuse to pay, a lien arises in the amount of the liability.

Effective June 4, 1979, Uforma established two pension plans to provide retirement benefits for certain of its employees: (1) the UFORMA/Shelby Business Forms, Inc. Hourly

Employees' Retirement Plan (the Hourly Plan); and (2) the UFORMA/Shelby Business

Forms, Inc. Salaried Employees' Retirement Plan (the Salaried Plan) (collectively, the

"Plans"). Uforma was the administrator and contributing sponsor of both Plans which are

covered by the pension plan termination insurance program established under Title IV of

ERISA.

   On January 12, 2010, PBGC issued notices to Uforma of PBGC's determinations

pursuant to ERISA that the Plans should be terminated.   The termination notices were based

on the fact that PBGC had determined that the Plans would be unable to pay the benefits

when due. By agreements between PBGC and Uforma entered into on April 15, 2010 (the

Trustee Agreements), the Plans were terminated as of March 31, 2006 and PBGC was

appointed trustee. These agreements were executed on behalf of Uforma as Plan

Administrator of the Plans by Samuel L. Peters, President of Uforma.  The agreements stated

that on March 31, 2006, Uforma ceased operations and terminated the employment of all its

active participants, and that Uforma's principal place of business is located in Shelby, Ohio.

   As of the date the Plans terminated, Samuel L. Peters owned more than 80% of

Uforma's stock, which he had acquired on June 27, 1989 through a Stock Purchase

Agreement (SPA).  Peters also owned and controlled other defendants identified in the

Complaint which are trades or businesses under his control and, therefore, part of Uforma's

controlled group.

   On October 15, 2012, PBGC sent a letter to each of the defendants demanding

payment of Employer Liability, unpaid Insurance Premiums, and Termination Premiums, plus

accrued interest, by no later than October 19, 2012, but none tendered payment.

3

Plaintiff thereafter filed this Complaint with five claims for relief seeking to collect liabilities allegedly due.

This matter is now before the Court upon defendants' Motion to Dismiss the Complaint for Lack of Venue or, in the Alternative, Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

**Discussion**

Defendants seek to dismiss for improper venue asserting that there is no basis for the suit to have been filed here or, alternatively, to transfer venue to the United States District Court for the Southern District of Ohio.

Venue of this action is governed by 29 U.S.C. §1303(e)(2) which states:

> Except as otherwise provided in this subchapter, where such an action is brought [by PBGC] in a district court of the United States, it may be brought in the district **where the plan is administered, where the violation took place, or where a defendant resides or may be found,** and process may be served in any other district where a defendant resides or may be found. (emphasis added)

Plaintiff asserts that venue is proper under the statute.

Plaintiff maintains that the lead defendant, Uforma, resides and may be found in the Northern District of Ohio. Plaintiff points to the Trustee Agreements, which were signed by Peters on behalf of Uforma in 2010, and state that Uforma's principal place of business is in Shelby, Ohio. (Doc. 12 Ex. 5) Shelby is located in Richland County, within the Northern District. Additionally, plaintiff points to a Tolling Agreement, signed by Peters on behalf of Uforma in March 2012, which states that Uforma's principal place of business is in Shelby, Ohio. (*Id.* Ex. 6) Plaintiff also submits a 2013 Ohio Secretary of State listing of Uforma as an active business with a registered agent in Cleveland. (*Id.* Ex. 8)

4

Plaintiff additionally asserts that the "violations" occurred in this district.  Plaintiff reasons that the liability results from the underfunding of the pension Plans.  Employees of Uforma worked in Shelby and accrued pension benefits that resulted in the pension liabilities at issue. The liabilities arose by virtue of Uforma's agreement to terminate the Plans on March 31, 2006, in Shelby, Ohio.

Finally, plaintiff contends that when the Plans terminated as of that date, Uforma ceased being the administrator of the Plans and PBGC became statutory trustee. Thus, the Plans are not administered in Cincinnati, Ohio where, as discussed below, defendants assert they are administered.

Defendants assert that venue is not proper under the statute and, alternatively, the case should be transferred upon consideration of convenience and fairness. Defendants support their request for dismissal or transfer with the declaration of Samuel Peters who states as follows.

The June 27, 1989 Stock Purchase Agreement was "an unconventional business transaction," occurring in Cincinnati, in which Peters acquired the right to operate Uforma and purchase its stock if sufficient profits were generated to fund the purchase.  The stock was placed in escrow, but never released because less than 20% of the purchase price was earned and paid to the seller.  Although Uforma had a manufacturing plant in Shelby, Peters ran the company out of his Miami Systems location in Cincinnati.  The Plans were administered in Cincinnati, and all the associated books and records were located there. Uforma ceased operations in 2006.  At that time, there was a modest deficit in the Plans based on the Plans' interest rate assumptions.  Specialty Envelope, Inc. and Miami Systems are businesses

5

formerly owned and operated by Peters.  Autron, Inc. was a Massachusetts corporation that

was headquartered and managed in Cincinnati that has been legally dissolved.  Bertek

Systems, Inc. is an active Vermont corporation of which Peters is president and which he runs

out of Cincinnati.  Peters is the sole member of Samuel L. Peters, LLC and Peters Ohio, LLC

which are based in and operated out of Cincinnati.  The parcels of real estate named as

defendants herein are also owned by Peters and managed from Cincinnati.  The Trust of

Samuel L. Peters is a trust established in Cincinnati and has no assets.  2322 Clifton is real

estate which has been sold.

Defendants argue that none of the three statutory bases of venue are present.

First, based on the declaration, defendants contend that both Plans were administered

by Peters in Cincinnati.

Second, defendants assert that the Northern District is not the place where the

violation occurred.  Defendants point to the Complaint's allegation that the Plans were

terminated by agreements between PBGC and Uforma with a termination date of March 31,

2006, and the action was brought to collect the statutory liability for unfunded benefit

liabilities owed PBGC as a result of the termination of the Plans and unpaid pension insurance

premiums and termination premiums.  Defendants assert that any alleged underfunding of the

Plans resulted from business operations of Uforma in Cincinnati where the Plans were

managed and administered.

Third, defendants assert that because there is no longer any operation of Uforma in

this district, it no longer may be found here. Defendants point to the Complaint's allegations

showing that defendants Peters, Specialty Envelope, Peters LLC, Peters Ohio LLC, and

6

Miami Systems all reside or have their principal place of business in Cincinnati. Of the remaining defendants, UForma is no longer in business and was managed out of Cincinnati, Autron is a former Massachusetts corporation that was headquartered and managed in Cincinnati, Bertek

is a Vermont corporation which is actively doing business in Vermont and of which Peters is president, the Trust is established in Cincinnati and currently has no assets, 2840 Sprouse Drive is a property owned and managed through Samuel L. Peters, LLC that is based in Cincinnati, 10001 Alliance Road is a property owned and managed by Peters and serves as his business address in Cincinnati, and 2322 Clifton Avenue is a piece of real property that is no longer owned by Peters or any of his corporations, trusts or LLCs.

For the following reasons, the Court disagrees with plaintiff that venue is proper here.

Plaintiff contends that Uforma resides and may be found in this district based on documents that Peters signed in 2010 and 2012 acknowledging that Uforma's principal place of business is in Shelby. But, Peters's declaration testimony is undisputed that although Uforma had a manufacturing plant in Shelby, Peters ran the company out of his Miami Systems location in Cincinnati, and Uforma ceased operations in 2006. As such, there is no longer any operation of Uforma in this district. Additionally, defendants note, and it appears to be undisputed, that PBGC prepared the Trustee Agreements and Tolling Agreement which identify Shelby as Uforma's principal place of business. Defendants assert that after it ceased operations in 2006, Uforma had no reason to dispute that the prior location of its factory was its principal place of business while the business was operating. But, defendants maintain, these documents do not establish that Uforma presently does business in Shelby or that the

7

Plans were ever administered there.

Next, plaintiff contends that the violations occurred here given that the employees working at the plant in Shelby accrued benefits there which resulted in the liabilities at issue here. But, Peters's declaration testimony is undisputed that he operated Uforma's business from Cincinnati, and administered the Plans from there. Peters declares that administration included the payroll, mailing paychecks and the Plan's benefit checks, as well as making decisions regarding the Plans. Thus, decisions concerning funding of the Plans were made there, including any underfunding which resulted in the liabilities, not at the location of the manufacturing plant.

Finally, plaintiff cannot dispute Peters's declaration that the Plans were administered in Cincinnati. Plaintiff states in a footnote that when the Plans terminated, Uforma ceased being the administrator of the Plans and that PBGC became the statutory trustee. While the latter is true, even plaintiff's evidence shows that PBGC maintains the records of the Plans, as statutory trustee, at is headquarters in Washington, D.C. (Jeanette Pittman decl).

For these reasons, plaintiff has not established that venue is proper in this district. However, the Court will transfer the case to the Southern District of Ohio rather than dismiss it. Plaintiff states in a footnote that the Court should transfer the case rather than dismiss it if it finds that the case was brought in the wrong district. Plaintiff points out that transfer is favored over dismissal because it facilitates adjudication of a dispute on the merits. Additionally, defendants request in the alternative that the case be transferred. Accordingly,

defendants' request to transfer venue to the Southern District of Ohio is granted.[1]

Having found that venue is improper but that transfer is appropriate, the Court need not consider defendants' alternative argument seeking a transfer of this case to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a) which allows such "for the convenience of parties and witnesses, in the interest of justice" so long as the action might have been brought there. In fact, that statute is utilized where, unlike here, venue is initially proper. Assuming the Court were to consider a transfer under the statute, it would be appropriate.

Defendants assert that because PBGC is a Washington, D.C. entity with no unique contacts with this district, its choice of forum is entitled to little weight. Defendants maintain that the Plans were administered exclusively out of Cincinnati, and all of the evidence regarding the Plans and their administration is located there. Additionally, defendants point out that no witnesses are located in this district.

Plaintiff asserts that its choice of venue is given great weight, and that it has a field office in Richmond Heights. Plaintiff also maintains that it has an interest in this district where it is or will be paying the pension benefits of the more than 400 former Uforma employees who are Plan participants and many of whom live in this district. As to witnesses, plaintiff maintains that testimony regarding the history of the Plans' administration is

---

[1] Both parties refer to this Court's 2000 decision in the case of *Frederick Richmond v. Uforma/Shelby Business Forms, Inc., et al.,* Case No. 1:99 CV 2552 (July 27, 2000). The Court does not find that the decision dictates its actions here. That case involved a dispute over the Stock Purchase Agreement between Richmond and Peters. This Court ultimately transferred the case to the Southern District of Ohio given that an earlier lawsuit had been adjudicated there involving those same parties over the SPA and the judge had "devoted substantial judicial resources to interpreting the" SPA and had presided over a trial.

immaterial and if depositions are necessary, witnesses can be accommodated.  Concerning evidence, records are located in Washington, D.C. and Richmond Heights.

While plaintiff's choice of forum should normally not be disturbed, this is not a typical case involving two private litigants.  Plaintiff is a federal government corporation headquartered in Washington, D.C.  Although it maintains a field office in Richmond Heights, its records are maintained in Washington.  Furthermore, the Court does not give the location of the retirees great weight given that their rights and benefits are not involved here, and the outcome of this dispute will not affect them.  Moreover, it is not disputed that Uforma's records and witnesses are located in Cincinnati, and that the 12 other defendants are mostly based in Cincinnati.  That would be a more convenient forum.

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss is denied.  This case is transferred to the United States District Court for the Southern District of Ohio.

IT IS SO ORDERED.


                                         /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge
Dated: 4/9/13

10

11