# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>UFORMA/SHELBY BUSINESS FORMS INC., et al.<br><br>Defendants, | Case No. 1:13-cv-00266<br><br>Judge Dlott<br>Magistrate Judge Litkovitz |
| PENSION BENEFIT GUARANTY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>STAPLES CONTRACT & COMMERCIAL, INC.,<br><br>Defendant/<br>Third Party Plaintiff,<br><br>vs.<br><br>UFORMA/SHELBY BUSINESS FORMS INC., et al.,<br><br>Third Party Defendants. | Consolidated With:<br><br>Case No. 1:13-cv-00898 |

## STIPULATED PROTECTIVE ORDER

WHEREAS, from time to time in this action the parties, in responding to discovery, may be required to produce documents or information that they in good faith believe to include confidential, proprietary and/or trade secret information (the "**Protected Documents**"); and

WHEREAS, the parties may desire to protect confidential, proprietary and/or trade secret information;

WHEREAS, the parties desire to protect privileged or otherwise protected matter against any claim of waiver if inadvertently produced during the course of this litigation;

NOW, THEREFORE, IT IS STIPULATED by all parties to the above-captioned actions through their respective undersigned attorneys, and the Court ORDERS that:

1. This Protective Order shall govern all Discovery Materials and Confidential Information (as those terms are hereinafter defined) produced or disclosed in this Action and be binding upon all parties thereto.

2. Protected Documents shall be produced subject to the protective provisions set forth in this Stipulated Protective Order.

### Definitions

3. The following definitions apply to this Stipulated Protective Order ("**Protective Order**").

    a. "**Action**" refers to the above-captioned cases pending in the United States District Court for the Southern District of Ohio.

    b. "**Discovery Material**" encompasses, but is not limited to, any type of document, transcript of testimony, taped, recorded, filmed, electronic, written or typed matter, including the originals and all marked copies, whether different from the originals by reasons of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, and requests for admission, including all responses thereto; any physical objects or other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form.

    c. "**Producing Party**" means any party or non-party who produces Discovery Material in this Action.

    d. "**Designating party**" means any party or non-party who has designated Discovery Material as Confidential Information pursuant to the terms of this Protective Order.

e. **"Receiving Party"** means any person who inspects or receives Discovery Material in this Action.

f. **"Confidential Information"** means any and all non-public Discovery Material that a Producing Party in good faith believes constitutes, contains, reveals or reflects trade secrets, technical, business, financial, commercial, or personnel information or other information deserving confidential protection due to its sensitive and non-public nature and has designated as such in accordance with the terms of this Protective Order. "Confidential Information" shall not include documents or information that: (i) is independently developed from public sources without use of or reliance upon any of the discovery responses or testimony in the Action and without violation of this Protective Order; (ii) is rightfully acquired from an independent source without restrictions as to use or obligations as to confidence; (iii) was, prior to disclosure, rightfully in the possession or knowledge of the requesting party without restrictions as to use or obligations as to confidence; (iv) is or becomes publicly available in substantially the same form in which it was provided by the Producing Party and not in violation of this Protective Order or the confidentiality rights or obligations of any person.

g. **"Privileged Material"** means Discovery Material that is protected by any legally cognizable privilege or evidentiary protection, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and Federal Rule of Evidence 408.

## Designation of Confidential Information

4. Any Producing Party may in good faith designate Discovery Material as Confidential Information by applying to it the legend "Confidential" at the time of its production. The legend shall be affixed in such a manner that no other text or information is obliterated or

obscured. In the case of Discovery Material stored in electronic form, the "Confidential" legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored.

5. A Producing Party making Discovery Material available for inspection only shall not have to apply a "Confidential" legend to those materials until such time as the inspecting party requests copies or copies are produced and delivered to the inspecting party. During the period when Discovery Material is made available for inspection but has not been designated as "Confidential," the Receiving Party shall treat it as Confidential Information.

6. Any party, or a non-party witness, may designate portions of depositions or other transcribed and/or recorded proceedings as Confidential Information by indicating on the record at the deposition or proceeding which portions of the transcript and/or recording should be treated as such. Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other proceeding, any party, or a non-party witness, may designate such transcript or recording, or any portion thereof, as Confidential Information by notifying all parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as such. All transcripts or recordings of depositions shall be treated as Confidential Information for thirty (30) days after receipt of the transcript or recording so as to give an opportunity to make designations. If a party intends to use any portion or excerpt of a transcript or recording before the expiration of the 30-day period, such party shall give all other parties, or non-party witness whose testimony will be used, at least three business days' notice so as to give an opportunity to designate said testimony or any portion thereof as Confidential Information within the meaning of this Protective Order.

7. A Producing Party who believes in good faith that particular Discovery Materials

are entitled to be designated as Confidential Information but who has inadvertently failed to designate them as such at the time of production is entitled to make a correction. Such correction and notice thereof shall be made in writing as soon as practicable, and the Designating Party shall promptly produce substitute copies, marked with the appropriate legend, of the misdesignated material. Upon written request by a Producing Party or Designating Party, any Receiving Party who received the Discovery Material before notice of the misdesignation by the Producing Party shall, within ten (10) business days of receipt of the notice and substitute copies, except as required by law, destroy or return to the Producing Party all copies of such misdesignated Discovery Material. A Receiving Party or any other person who reviewed the misdesignated Discovery Material and receives notice of the misdesignation shall abide by the provisions of this Protective Order with respect to the use and disclosure of any information contained in the misdesignated Discovery Material after receipt of the notice of misdesignation.

8. The designation of Discovery Material as Confidential Information constitutes a representation by the Designating Party that the Discovery Material has been reviewed by an attorney of record for such party in this Action and that such attorney in good faith believes there is a valid basis for such designation.

### Disclosure and Use of Confidential Information

9. Nothing herein shall impose any restriction on the use or disclosure by a Producing Party of its own documents, information, or Discovery Material.

10. Notwithstanding any other terms or provisions in this Protective Order, the Pension Benefit Guaranty Corporation ("**PBGC**") may disclose Confidential Information to the Executive Branch of the United States; Congress or any committee, joint committee or subcommittee thereof; the Comptroller General; the PBGC and PBGC Board of Directors,

officials, advisors, consultants, and representatives who have a need to know the information as part of their job responsibilities ("**Officials**"). PBGC will inform all Officials having access to the Confidential Information that such information is subject to this Protective Order. Notwithstanding any other terms or provisions in this Protective Order, PBGC may disclose information about the amount of underfunding in any pension plan covered by Title IV of ERISA, including but not limited to information about guaranteed benefit liabilities, unfunded benefit liabilities, plan assets and funding ratios, whether or not this information is contained in or derived from the Confidential Information.

11. Confidential Information (including extracts and summaries derived from such material) shall be used solely for prosecuting and defending the Action and shall not be used for any other purpose or be revealed to parties or counsel in any action other than the Action, unless this Protective Order permits, the Court directs otherwise, or the Designating Party agrees otherwise.

12. Confidential Information shall not be disclosed directly or indirectly by a Receiving Party to persons other than (i) persons identified in the documents or through testimony as already having seen or received such Confidential Information (excluding persons whose prior access to such Confidential Information was known to be unauthorized); (ii) the Receiving Party's officers, directors, members, and employees; and (iii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Action:

    a. Counsel for the parties in the Action, whether or not counsel of record, including agency, in-house and outside counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy

services, litigation consulting services, translation services, and graphic services) who are assisting counsel in the prosecution, defense, and/or appeal of the Action;

  b. Independent experts and consultants retained or employed by a Receiving Party or its counsel in connection with the prosecution, defense, and/or appeal of the Action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of the Action, provided that the requirements of paragraph 13 below have been met;

  c. Any person who may testify as a witness either at a deposition or in a court proceeding in the Action, as well as counsel for the witness for the purpose of assisting in the preparation or examination of the witness, on the conditions that: (i) such persons are first placed on notice that they are prohibited from disclosing or making use of any such Confidential Information which may be disclosed to them in the course of discovery or any other proceeding in the Action; (ii) such persons agree that they will maintain the confidentiality of the information disclosed; and (iii) the requirements of paragraph 13 below have been met.

  d. the authors, addressees, originators, or producing persons of the protected information;

  e. the Court, Court personnel and staff, and stenographers and videographers transcribing the testimony or argument at a hearing, trial, or deposition in the Action or any appeal therefrom;

  f. Any party currently named or later joined in the Action, including, in the case of parties other than individuals, the party's current or former officers, directors, employees, and agents, each of whom shall be informed of and bound by this Protective Order;

  g. Any Court-appointed mediator or other individual appointed by the Court

to perform duties with respect to the Action; and

      h. Other persons upon further order of the Court or written consent of the Designating Party.

13. Other than disclosure of Confidential Information at a deposition, hearing, or trial, persons described in subparagraphs 12(b), (c), and (h) above, before being given access to any Confidential Information, must be provided a copy of this Protective Order and sign the Non-Disclosure Acknowledgement attached as Exhibit A. Persons who receive Confidential Information at a deposition, hearing, or trial who are not otherwise authorized to receive such information pursuant to paragraph 12 above may be shown and questioned about the Confidential Information during the deposition, hearing, or trial, but will not be entitled to take possession of the Confidential Information that was disclosed. Independent experts and consultants, as described in subparagraph 12(b), above, may take possession of confidential material for purposes of their work during the case, but shall be subject to the provisions of paragraphs 30-31, below, regarding the return or destruction of materials.

14. If any person or entity subject to the terms of this Protective Order is served with a subpoena or request for production of Confidential Information, that person or entity shall:

      a. provide prompt written notice of the subpoena or request for production, as well as a copy of same, to the Designating Party; and

      b. use reasonable efforts not to make production until the Designating Party has had a reasonable opportunity to intervene to oppose or limit the subpoena or request for production.

15. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the Receiving Party or any other person or entity responsible

for this disclosure shall immediately: (a) provide written notice to the Producing Party or Designating Party; (b) make reasonable efforts to retrieve such material; and (c) make reasonable efforts to prevent further disclosure by the person who was the recipient of such Confidential Information. The written notice required by subparagraph (a) above shall include the names of all persons who improperly received Confidential Information and a description of the Confidential Information disclosed to that person.

### Objection to Designation as Confidential Information

16. Entering into, agreeing to, or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any party that any Discovery Material designated as Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information;

    b. Prejudice in any way the rights of any party to seek a determination by the Court as to whether any Discovery Material, including that designated as Confidential Information, shall be subject to the terms of this Protective Order; or

    c. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order.

17. At any time, a Receiving Party may challenge the designation of particular Discovery Material as Confidential Information. In the event of such a challenge, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Designating Party shall have the burden of proving that the Discovery Material at issue is entitled to the protection from disclosure. Pending a determination by the Court as to

this issue, material designated as Confidential Information shall be treated in accordance with that designation pursuant to this Protective Order. Any party may request expedited treatment of any request for the Court's determination of whether Discovery Material is Confidential Information.

### Privileged Material

18. The production of any Discovery Material in this action shall be without prejudice to a claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege, and no party shall be held to have waived any rights by such inadvertent production.

19. If any Discovery Material appears on its face to be Privileged Material, the Receiving Party shall: (a) refrain from reading the Discovery Material any more closely than is necessary to ascertain that it is privileged or protected; (b) immediately notify the Producing Party in writing that it has produced Discovery Material believed to be privileged or protected; (c) specifically identify the Discovery Material by Bates number range or hash value range, and (d) follow reasonable instructions from the Producing Party for the treatment of such material, including to return, sequester, delete, or destroy all copies of such Discovery Material, along with any notes, abstracts, or compilations of the content thereof. Notwithstanding anything in this paragraph, the Receiving Party has no obligation to search or review Discovery Materials it receives in order to identify potentially privileged or protected material.

20. Upon written notice of an inadvertent production of Privileged Material from the Producing Party, or oral notice if such notice is delivered on the record at a deposition, the Receiving Party must promptly return, sequester, delete, or destroy the specified Discovery

Material and any hard copies the Receiving Party has, and may not use or disclose the information. The Producing Party shall also provide an updated privilege log for such Discovery Material setting forth the author, recipient(s), subject matter of the Discovery Material, along with the basis for the claim of privilege or evidentiary protection, as well as any portion of the Discovery Material that does not contain privileged or protected information.

21. The Receiving Party shall have five (5) business days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the Producing Party in writing of an objection to the claim of privilege or protection and the grounds for that objection. The Producing Party shall preserve the specified Discovery Material until the objection is resolved.

22. To the extent that information contained in Discovery Material subject to a claim of inadvertent disclosure has already been used in or described in other documents generated or maintained by the Receiving Party, the Receiving Party will remove all information derived from the Privileged Material or, in the event of an objection to the designation, sequester such Discovery Material until the objection has been resolved. If the Receiving Party disclosed the specified Discovery Material before being notified of its inadvertent production, the Receiving Party must take reasonable steps to retrieve it.

23. The Receiving Party's return, sequestering, deletion, or destruction of such privileged or protected Discovery Material as provided herein will not act as a waiver of the Receiving Party's right to move to compel production of the returned, sequestered, deleted, or destroyed Discovery Material on the ground that the Discovery Material is not in fact subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that the production of the Discovery Material in this matter acts as a waiver of an

applicable privilege or evidentiary protection, that the disclosure of the Discovery Material was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged Discovery Material, or that the Producing Party failed to take reasonable or timely steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B) and Federal Rules of Evidence 502(b).

24. Either party may submit the specified Discovery Material to the Court for in camera inspection in order to determine whether the assertion of privilege or protection is appropriate. The receiving party may not use the specified Discovery Material for any purpose absent the Court's Order. Any party may request expedited treatment of any request for the Court's determination of an objection to the assertion of privilege or protection.

25. Upon a determination by the Court that the specified Discovery Material is protected by the applicable privilege or evidentiary protection, and if the specified Discovery Material has been sequestered rather than returned, deleted, or destroyed, the specified Discovery Material shall be returned, deleted, or destroyed. The Court may also order the identification and/or review of Discovery Material that has been identified as being potentially subject to a legally recognized claim by search terms or other means.

26. Nothing herein is intended to, or shall serve to limit, a party's right and obligation to conduct a review of Discovery Material in advance of production for relevance, responsiveness, and the withholding of Privileged Material.

27. The parties agree that the unintentional disclosure of Privileged Material is not intended to and shall not constitute a waiver of the protection that would apply pursuant to this Protective Order, and/or the attorney-client privilege, attorney work product protection, or other applicable privilege as to the subject matter of the disclosed Privileged Materials or related

Discovery Materials.

## Filing Documents Under Seal

28. This Stipulated Protective order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission of the Court as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. See Procter & Gamble Co. v. Bankers Trust Co., 78 F. 3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 79.3.

## Return or Destruction of Confidential Information

29. Upon final termination of the Action (whether by judgment, settlement, or otherwise), including all appeals and applications for discretionary review, a Producing Party or Designating Party may request in writing that a Receiving Party return or destroy all Confidential Information by delivering a copy of such request to counsel for the Receiving Party. Within sixty (60) days of receipt of the written request, the Receiving Party and its counsel must, at its election, either (i) return all Confidential Information and all copies, extracts, and summaries of such Confidential Information to the Producing Party or Designating Party, or (ii) destroy, subject to applicable law, such Confidential Information, including all copies, extracts, and summaries, and provide a letter certifying such destruction to the Producing Party or Designating Party. The parties shall request that all attachments or exhibits designated under this Protective Order and filed under seal with the Court be returned within sixty (60) days to the party producing it, or that the Court destroy such material. For archival purposes, the attorneys representing the parties may retain all material constituting attorney work product and copies of all pleadings, deposition and hearing transcripts, exhibits, and written discovery responses,

including portions designated pursuant to this Protective Order.

30. Notwithstanding the preceding paragraph or anything to the contrary in this Protective Order, PBGC shall not be required to return or destroy any Confidential Information if doing so would be a violation of law.

### Relief from Terms of Protective Order.

31. This Protective Order is being entered into without prejudice to the right of any party or other person to move this Court for relief separately, or to move the Court for modification of any of its terms on a going-forward basis.

32. Nothing in this Protective Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privilege or evidentiary protection.

### Notices

33. All notices required or permitted to be given hereunder shall be sent by electronic mail to all attorneys of record in this action for the party to be notified, with a hard copy sent the same day by overnight courier to at least one such attorney.

### Termination of Action

34. The terms of this Protective Order shall survive the termination of this Action, and the Court shall retain jurisdiction of the Action after its final disposition for the purpose of enforcing this Protective Order.

SO ORDERED this 13 day of June, 2014.

*(signature)*
MAGISTRATE JUDGE KAREN L. LITKOVITZ

SO STIPULATED:

*(signature)*
Stuart E. Bernsen, Attorney
John H. Ginsberg, Attorney
Pension Benefit Guaranty Corporation
1200 K Street, N.W.
Washington, D.C. 20005-0426
Telephone: (202) 326-4400
Facsimile: (202) 326-4112

*Attorneys for Pension Benefit Guaranty Corporation*

---

Gregory Parker Rogers
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: (513) 357-9349

*Attorney for Uforma/Shelby Business Forms, Inc.; Samuel L. Peters; Miami Systems Corporation; Bertek Systems, Inc.; Specialty Envelope, Inc.; Trust of Samuel L. Peters; and Autron, Inc.*

*(signature)*
Brian J. Lamb
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566-5590
Facsimile: (216) 566-5800

Heather M. Hawkins (0078569)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Telephone: (513) 352-6532
Facsimile: (513) 241-4771

Edward R. Mackiewicz
Paul J. Ondrasik, Jr.
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-6412
Facsimile: (202) 429-3902

*Attorneys for Staples Contract & Commercial, Inc.*

SO ORDERED this 13 day of June, 2014.

*Karen L. Litkovitz*
MAGISTRATE JUDGE KAREN L. LITKOVITZ

SO STIPULATED:

---

Stuart E. Bernsen, Attorney
John H. Ginsberg, Attorney
Pension Benefit Guaranty Corporation
1200 K Street, N.W.
Washington, D.C. 20005-0426
Telephone: (202) 326-4400
Facsimile: (202) 326-4112

*Attorneys for Pension Benefit Guaranty Corporation*

*GPR*
Gregory Parker Rogers
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: (513) 357-9349

*Attorney for Uforma/Shelby Business Forms, Inc.; Samuel L. Peters; Miami Systems Corporation; Bertek Systems, Inc.; Specialty Envelope, Inc.; Trust of Samuel L. Peters; and Autron, Inc.*

---

Brian J. Lamb
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566-5590
Facsimile: (216) 566-5800

Heather M. Hawkins (0078569)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Telephone: (513) 352-6532
Facsimile: (513) 241-4771

Edward R. Mackiewicz
Paul J. Ondrasik, Jr.
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-6412
Facsimile: (202) 429-3902

*Attorneys for Staples Contract & Commercial, Inc.*

# Exhibit A
## Form of Non-Disclosure Acknowledgement

## NON-DISCLOSURE ACKNOWLEDGEMENT

I have read the Stipulated Protective Order (the "**Protective Order**"), dated

_____, 2014 in the actions captioned PENSION BENEFIT GUARANTY

CORPORATION v. UFORMA/SHELBY BUSINESS FORMS INC., et al., Case No. 1:13-cv-

00266 and PENSION BENEFIT GUARANTY CORPORATION v. STAPLES CONTRACT &

COMMERCIAL, INC., Case No. 1:13-cv-0026, which are pending in the United States District

Court for the Southern District of Ohio;

I am fully familiar with and agree to comply with and be bound by the provisions of the

Protective Order and the Confidentiality Agreement.


_____        _____
*Date Signed*                          *Signature*


                                       _____
                                       *Printed Name*